IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WILLIAM A. BRADFORD, JR.                                                            PLAINTIFF

v.                                    Civil No. 4:17-cv-04027

SHERIFF JAMES A. SINGLETON;
CHIEF DEPUTY T.P. MICKEY
ATKINSON; JAIL ADMINISTRATOR
JOHNNY GODBOLT; ASSISTANT
ADMINISTRATOR HEATH ROSS;
SERGEANT SUSAN HANSON;
JAILER ERIC GARNER; JAILER
VERMILLION; and JAILER
KYLE SHELBY                                                                         DEFENDANTS

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff William A. Bradford, Jr. filed this case *pro se* pursuant to 42 U.S.C. § 1983 on April 24, 2017. ECF No. 1. His application to proceed *in forma pauperis* ("IFP") was granted the same day. ECF No. 3. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before me is the issue of preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to the PLRA, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**BACKGROUND**

Plaintiff is currently being detained in the Hempstead County Detention Center ("HCDC") in Hope, Arkansas. ECF No. 1. It is not clear from the Complaint whether Plaintiff is a pre-trial detainee or if he is incarcerated as a result of a criminal conviction. Plaintiff has named the

1

following Defendants in this lawsuit: Sheriff James A. Singleton, Chief Deputy T.P. Mickey Atkinson, Jail Administrator Johnny Godbolt, Assistant Administrator Heath Ross, Sergeant Susan Hanson, Jailer Eric Garner, Jailer Vermillion, and Jailer Kyle Shelby. Plaintiff has not specified whether he is suing Defendants in their individual or official capacities or both. ECF No. 1.

Plaintiff alleges on Thursday March 16, 2017, while in the HCDC he "went up front to take my Inslin shot and had a whole bottle, Then on Friday March 17th I went to take my shot, and the new bottle was busted, I ask what had happen to my bottle because the bottle didn't have nothing but alittle inslin in the bottle. Sgt. Hanson, Officer Garner and Officer Vermillion was at Book-in. I ask Officer Garner what happen to my bottle of Inslin and He pick it up and said it is broken and also pointed at the hole at the bottom of the bottle, and he said to Ms. Hanson it was broken she took the bottle out of Officer Garner hand and then started drawing Inslin into a needle and she then set that one down and got another needle and did the same thang. I watched Ms. Hanson draw-up "4" Four needles out of the broken bottle of Inslin. She said she was going to try and save the inslin by placing the needles in the Refridgerator for me to use." ECF No. 1. Plaintiff does not allege any defendant was responsible for breaking the bottle of insulin.

Plaintiff also states "on Saturday March 18 I take a shot and it was the same needle I had used on that Friday. Then when I got up Sunday March 19 I have (2) two big knots on my left side where I had taken the (2) shots. I then show them to Ms. Hanson, and she had that same needle again for me to use". ECF No. 1. Plaintiff alleges he then told Defendant Hanson he was not going to take his shot "cause I didn't fill safe anymore, because my side was red and swollen, and I didn't know if I had glass in me or what, but my whole left side was hurting". ECF No. 1. Plaintiff alleges Defendant Hanson then threatened to tell Officer Hartman "I didn't take my shot." ECF No. 1.

Plaintiff goes on to allege Defendant Singleton "should give his officer more training than what they have when dealing diebtic peoples Inslin and Needles". ECF No. 1. He also claims he submitted two grievance forms to Defendants Singleton and Godbolt but received no response from them. ECF No. 1.

## APPLICABLE LAW

Pursuant to the screening provisions of the PLRA, the Court must determine whether the causes of action stated in Plaintiff's complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *See West v. Atkins,* 487 U.S. 42, 48 (1988). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

## DISCUSSION

For purposes of screening Plaintiff's Complaint, the Court will assume Plaintiff is suing Defendants in both their individual and official capacities.

1. Official Capacity Claims

Under section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or claims may be stated against a defendant in both his individual and his official capacities. *Gorman v. Bartch,* 152 F.3d 907, 914 (8th Cir. 1998). With respect to the official capacity claims, they are "functionally equivalent to a suit against the employing governmental

entity." *Veatch v. Bartels Lutheran Home,* 627 F.3d 1254, 1257 (8th Cir. 2010). In other words, Plaintiff's official capacity claims against Defendants are treated as claims against Hempstead County. *See Murray v. Lene,* 595 F.3d 868, 873 (8th Cir. 2010).

"[I]t is well established that a municipality [or county] cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013). To establish Hempstead County's liability under section 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted). The applicable law has been summarized as follows:

> There are two basic circumstances under which municipal liability will attach: (1) where a particular municipal policy or custom itself violates federal law, or directs an employee to do so; and (2) where a facially lawful municipal policy or custom was adopted with "deliberate indifference" to its known or obvious consequences. *Seymour v. City of Des Moines*, 519 F.3d 790, 800 (8th Cir. 2008). There need not be a finding that a municipal employee is liable in his or her individual capacity before municipal liability can attach. *Speer v. City of Wynne*, 276 F.3d 980 (8th Cir. 2002); *Parrish v. Luckie*, 963 F.2d 201, 207 (8th Cir. 1992) ("A public entity or supervisory official may be held liable under § 1983 even though no government individuals were personally liable."). Where an official policy is itself unconstitutional or directs employees to take unconstitutional action, no evidence beyond a statement of the policy and its exercise is necessary to establish § 1983 liability. *Szabla v. City of Brooklyn Park*, 486 F.3d 385, 389-90 (8th Cir. 2007).

*Id.* at 817-18.

To establish the existence of an unconstitutional policy, Plaintiff must point to "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler v. Whiteledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). In *Johnson v. Douglas County Medical Dept.*, 725 F.3d 825 (8th Cir. 2013), the Court outlined the necessary elements for establishing the existence of an unconstitutional custom:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and 3) That Plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e.*, that the custom was the moving force behind the constitutional violation.

Plaintiff has not alleged any policy or custom of HCDC that contributed to Plaintiff's alleged injury. As a result, Plaintiff has failed to state a claim against any Defendant in their official capacity.

2. <u>Individual Capacity Claims</u>

A complaint should be dismissed for failure to state a claim if it appears beyond a doubt the plaintiff's complaint can prove no set of facts to support the plaintiff's purported cause of action. *See Schaller Tel. Co. v. Golden Sky Sys., Inc.,* 298 F.3d 736, 740 (8th Cir. 2001). Liability under 42 U.S.C. § 1983 "requires a causal link to, and direct responsibility for, the deprivation of rights." *Clemmons v. Armontrout,* 477 F.3d 962, 967 (8th Cir. 2007) (quoting *Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006)).

    a. Defendants Atkinson, Ross, Shelby, Garner and Vermillion

Plaintiff does not mention Defendants Atkinson, Ross or Shelby in his Complaint nor does he make any factual allegations against them. Plaintiff's only allegation against Defendant Garner is that he picked up the broken bottle of insulin and "pointed at the hole at the bottom of the bottle and he said to Ms. Hanson it was broken". ECF No. 1. As to Defendant Vermillion, Plaintiff only claims he "was at book in" and saw Defendant Hanson draw insulin from the broken bottle". ECF No. 1. Plaintiff has not stated any facts in his Complaint supporting a causal link between Defendants Atkinson, Ross, Shelby, Garner or Vermilliion and Plaintiff's alleged injury.

5

Consequently, Plaintiff has failed to state any claim upon which relief can be granted against these Defendants.

      b.   Defendant Singleton - Failure to Train

Plaintiff alleges Defendant Singleton "should give his officer more trainining than what they have when dealing Diebtic peoples Inslin and needles". ECF No. 1. A supervisor may be held individually liable under § 1983 if he fails to train or supervise the subordinate who caused the violation. *Brockinton v. City of Sherwood, Ark.*, 503 F.3d 667, 673 (8th Cir. 2007). "The standard of liability for failure to train is deliberate indifference. The standard of liability for failure to supervise is 'demonstrated deliberate indifference or tacit authorization of the offensive acts.'" *Id.* "The deliberate-indifference standard is a subjective one: [T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Kahle v. Leonard*, 477 F.3d 544, 550 (8th Cir. 2007)(internal quotation marks and citation omitted). Other than a conclusory allegation, Plaintiff has not alleged any facts to demonstrate Defendant Singleton was aware of Defendant Hanson's act of drawing insulin from a broken bottle or that he instructed her to do so. Accordingly, Plaintiff has failed to state a claim against Defendant Singleton for failure to train or supervise.

      c.   Defendants Singleton and Godbolt - Grievances

Plaintiff also alleges "I wrote (2) two form to Captain Johnny Godbolt and also Sheriff James A. Singleton still no respone." ECF No. 1. Plaintiff does not have an independent constitutional right to a grievance procedure. *See Lomholt v. Holder,* 287 F.3d 683, 684 (8th Cir. 2002) (quoting *Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir.1993)). A jail's failure to process an inmate's grievances, without more, is not actionable under section 1983. *Buckley,* 997 F.2d at 495. Therefore, Plaintiff has failed to state a cognizable claim regarding his grievances.

    d. Defendant Hanson – Inadequate Medical Care, Retaliation

The only remaining claims are against Defendant Hanson. Plaintiff alleges "she took the bottle out of Officer Garner hand and then started drawing Inslin into a needle and she then set that one down and got another needle and did the same thang. I watched Ms. Hanson draw-up "4" Four needles out of the broken bottle of Inslin. She said she was going to try and save the inslin by placing the needles in the Refridgerator for me to use." ECF No. 1. Plaintiff states he showed Defendant Hanson his side which was red and swollen from taking the insulin shots from the needles she prepared. He alleges when he refused to take his shot Defendant Hanson threatened to tell another officer that Plaintiff was refusing to take his insulin. ECF No. 1. The Court construes Plaintiff's allegations as potential claims for inadequate medical care and retaliation.

As to Plaintiff's claims for denial of adequate medical care, the Eighth Amendment prohibition of cruel and unusual punishment prohibits deliberate indifference to the serious medical needs of prisoners. *Luckert v. Dodge County*, 684 F.3d 808, 817 (8th Cir. 2012). The Eighth Circuit analyzes both a pretrial detainee's and a convicted inmate's claim of inadequate medical care under the deliberate indifference standard. *See Butler v. Fletcher,* 465 F.3d 340, 344 (8th Cir. 2006). To prevail on his Eighth Amendment claim, Plaintiff must prove Defendant Hanson acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).

The deliberate indifference standard includes "both an objective and a subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen,* 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir. 1997)). In order to show he suffered from an objectively serious medical

7

need, Plaintiff must show he "has been diagnosed by a physician as requiring treatment" or has an injury "that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (internal quotations and citations omitted).

In order for Plaintiff to establish the subjective prong of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation. Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Popoalii v. Correctional Med. Servs,* 512 F.3d 488, 499 (8th Cir. 2008) (internal quotation marks and citations omitted).

In this case, there is no question Plaintiff's diabetes is a serious medical condition. However, Plaintiff's allegations do not support any deliberate indifference on the part of Defendant Hanson. To the contrary, Plaintiff states Defendant Hanson attempted to save his insulin from the broken bottle so Plaintiff would have insulin to take for his medical condition. Drawing the insulin from a broken bottle may at most constitute negligence, but does not rise to the level of criminal recklessness. Mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986). Consequently, Plaintiff has failed to state a claim for denial of adequate medical care.

As to Plaintiff's claim of retaliation, "[c]onduct that retaliates against the exercise of a constitutionally protected right is actionable, even if the conduct would have been proper if motivated by a different reason." *Cody v. Weber*, 256 F.3d 764, 771 (8th Cir. 2001) (citing *Madewell v. Roberts*, 909 F.2d 1203, 1206 (8th Cir. 1990)). The retaliatory conduct itself need not be a constitutional violation in order to be actionable. Additionally, there is no independent

injury requirement when retaliatory conduct is involved.  *See Dixon v. Brown*, 38 F.3d 379, 380 (8th Cir. 1994).

To prevail on his retaliation claim, Plaintiff must demonstrate: (1) he engaged in protected activity; (2) a defendant responded with adverse action that would "'chill a person of ordinary firmness' from continuing in the activity;" and (3) the adverse action was motivated at least in part by exercise of the protected action.  *See L.L. Nelson Enterprise Inc. v. County of St. Louis, Mo.*, 673 F.3d 799, 807-8 (8th Cir. 2012) (quoting *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004)).

Plaintiff only alleges Defendant Hanson threatened to tell another officer when Plaintiff refused to take his insulin shot.  This conduct does not constitute an action that would "chill a person of ordinary firmness from continuing in the activity".  *Id.*  Accordingly, Plaintiff has not pled facts sufficient to support a claim of retaliation.

## CONCLUSION

For the foregoing reasons, I recommend Plaintiff's Complaint against all defendants be **DISMISSED without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a).

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 27th day of April 2017.**

        /s/ Barry A. Bryant
        HON. BARRY A. BRYANT
        UNITED STATES MAGISTRATE JUDGE