IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WILLIAM A. BRADFORD, JR.                                                             PLAINTIFF

v.                                Case No. 4:17-cv-4027

SHERIFF JAMES A. SINGLETON;
CHIEF DEPUTY T.P. MICKEY
ATKINSON; JAIL ADMINISTRATOR
JOHNNY GODBOLT; ASSISTANT
ADMINISTRATOR HEATH ROSS;
SERGEANT SUSAN HANSON;
JAILER ERIC GARNER; JAILER
VERMILLION; and JAILER
KYLE SHELBY                                                         DEFENDANTS

**ORDER**

Before the Court is the Report and Recommendation filed April 27, 2017, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 6). Plaintiff William A. Bradford has filed objections to the Report and Recommendation. (ECF No. 12). Also before the Court is Plaintiff William A. Bradford, Jr.'s Motion to Amend Complaint. (ECF No. 11). The Court finds the matters ripe for consideration.

**I. BACKGROUND**

This case arises from allegedly inadequate medical care provided to Plaintiff by staff at the Hempstead County Detention Center ("HCDC"). Plaintiff alleges that on March 17, 2017, he went to receive an insulin injection for his diabetes and noticed that a new bottle of insulin was broken. Plaintiff alleges that he pointed out this fact to the HCDC staff, and that Defendant Susan Hanson drew insulin from the broken bottle into four syringes and placed them in the refrigerator, saying that she would try to save them for Plaintiff to use.

Plaintiff alleges that on the following day, he received an insulin injection from one of

the four syringes, which caused a big, red knot to form at the injection site. Plaintiff states that, on March 18, 2017, he went to receive an insulin injection, and Defendant Hanson used the same syringe, causing another swollen knot to form. Plaintiff alleges that, on March 19, 2017, Defendant Hanson presented the same syringe for his use, and that he told Defendant Hanson he did not want to take the insulin injection because his side was swollen from the previous injections and because he did not feel safe. Plaintiff alleges further that Defendant Hanson threatened to tell another HCDC staff member if Plaintiff did not take the shot.

On April 5, 2017, Plaintiff filed this action pursuant to 42 U.S.C. § 1983, seeking monetary damages. Plaintiff did not state the specific claims he asserted against the various Defendants. However, Plaintiff's complaint did state that Defendant Singleton should give his officers more training. Plaintiff also stated in his complaint that he submitted two grievance forms related to the insulin injections, but that he received no response to them.

On April 27, 2017, Judge Bryant issued the instant Report and Recommendation pursuant to the pre-service screening provisions of the Prisoner Litigation Reform Act ("PLRA"), under which the Court must screen any civil complaint in which a prisoner seeks redress from a governmental entity or an employee of a governmental entity. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a). Plaintiff's complaint did not assert any claims against Defendants and did not specify whether Defendants were being sued in their official or individual capacity. Judge Bryant's Report and Recommendation identified the possible claims that could be brought against each Defendant based on the facts asserted in the complaint, and construed the claims as being brought against Defendants in both their official and individual capacities. Judge Bryant concluded that all of Plaintiff's official-capacity and individual-capacity claims failed to state a claim upon which relief can be granted, and recommended that all claims be dismissed.

On May 24, 2017, Plaintiff filed a Motion to Amend, requesting the Court's leave to amend his complaint under Federal Rule of Civil Procedure 15 to clarify the claims he seeks to assert in this matter. (ECF No. 11). Specifically, Plaintiff states that he wishes to allege that HCDC staff knowingly gave him contaminated insulin, and to assert claims of medical neglect, cruel and unusual punishment, and medical malpractice, all in violation of the Eighth Amendment, against all Defendants in both their official and individual capacities. Also on May 24, 2017, Plaintiff filed an objection to the Report and Recommendation, stating only that he has filed a motion to amend his complaint.[1]

## II. DISCUSSION

The Court will first address Plaintiff's motion for leave to amend. Then the Court will take up the Report and Recommendation.

**A. Motion for Leave to Amend**

Plaintiff seeks the Court's leave to amend his complaint pursuant to Rule 15, in order to clarify the claims he seeks to assert in this case.

Unless a party seeks to amend as a matter of course, the party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). When a party seeks the court's permission to amend, leave to amend "shall be freely given when justice so requires." *Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir. 2005). "[A]bsent a good reason for denial—such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment—leave to amend should be granted." *Thompson-El v. Jones*, 876 F.2d 66, 67 (8th Cir. 1989); *see also Plymouth Cnty., Iowa v. Merscorp, Inc.*, 774 F.3d 1155, 1160 (8th

---

[1] This objection is timely because on May 17, 2017, the Court extended Plaintiff's time to file objections to the Report and Recommendation to June 2, 2017.

3

Cir. 2014) ("[A] party is not entitled to amend a complaint without making a showing that such an amendment would be able to save an otherwise meritless claim."). An amendment is futile when it would allege a claim "that is legally insufficient on its face." *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 225 (8th Cir. 1994). "Duplicative and frivolous claims are futile." *Reuter v. Jax Ltd.*, 711 F.3d 918, 922 (8th Cir. 2013) (citations omitted).

Plaintiff seeks to amend his complaint—which primarily consists of factual allegations and does not state any specific claims being asserted—by specifying the three claims he is bringing against Defendants, as well as clarifying that he is suing Defendants in both their official and individual capacities. Judge Bryant's Report and Recommendation identified the possible claims that could be brought, based on the facts asserted in the complaint, and construed the claims as being brought against Defendants in both their official and individual capacities. In doing so, Judge Bryant examined each of the potential claims pursuant to the PLRA's pre-service screening provisions, ultimately recommending that they all should be dismissed because Plaintiff failed to state claims upon which relief can be granted. The Court will now examine each of Plaintiff's proposed amendments and determine whether they cure the deficiencies identified in the Report and Recommendation, or if they are futile.

### 1. Proposed Official-Capacity Claims

Plaintiff wishes to amend his complaint to assert official-capacity claims of medical neglect, cruel and unusual punishment, and medical malpractice against Defendants.

The Court finds that these specific amendments would be futile. In the instant Report and Recommendation, Judge Bryant presumed that Plaintiff meant to bring all claims against Defendants in their official capacities, as well as their individual capacities. Judge Bryant recommended that Plaintiff's official-capacity claims be dismissed because Plaintiff's complaint

4

does not allege that any unconstitutional custom or policy of HCDC contributed to Plaintiff's injury. Plaintiff's proposed amendments also do not reference a custom or policy of HCDC, or allege that he suffered injury as a result of such a custom or policy. Thus, Plaintiff's proposed official-capacity claims are futile in that they do not cure the original complaint's deficiency. Therefore, the Court finds that Plaintiff's motion should be denied as to the proposed amendments regarding official-capacity claims against Defendants.

### 2. Proposed Individual-Capacity Claims

Plaintiff also wishes to amend his complaint to assert individual-capacity claims of medical neglect, cruel and unusual punishment, and medical malpractice against Defendants.

#### a. Defendants Atkinson, Ross, Shelby, Garner, and Vermillion

Judge Bryant recommended that the claims—which he inferred from Plaintiff's complaint—against Defendants Atkinson, Ross, Shelby, Garner, and Vermillion should be dismissed for failing to state a claim upon which relief can be granted.

Judge Bryant found that the complaint did not mention Defendants Atkinson, Ross, or Shelby at all, and did not allege any facts against them. Thus, Judge Bryant concluded that Plaintiff failed to allege any facts that support a causal link between those Defendants and Plaintiff's injury allegedly suffered as a result of HCDC's provided medical care. Plaintiff's three proposed individual-capacity claims against Defendants Atkinson, Ross, and Shelby are futile because they do not cure the complaint's deficiencies. The proposed amendments also do not mention Defendants Atkinson, Ross, or Shelby at all, or allege any facts against them. Thus, Plaintiff's proposed amendments do not make any connection between any of these Defendants and the medical care which allegedly injured him. Thus, the Court finds that Plaintiff's proposed individual-capacity claims are futile with respect to Defendants Atkinson, Ross, and Shelby.

5

Therefore, the Court finds that Plaintiff's motion should be denied as to the proposed amendments regarding Defendants Atkinson, Ross, and Shelby.

Judge Bryant found that the complaint's only alleged fact regarding Defendant Garner is that he was present in the room and pointed out to Defendant Hanson that the insulin bottle was broken. Judge Bryant also found that the complaint's only alleged fact as to Defendant Vermillion is that he was present in the room and saw Defendant Hanson draw the insulin from the broken bottle into syringes. Judge Bryant concluded that the complaint failed to allege any facts that support a causal link between Defendants Garner and Vermillion and Plaintiff's injury allegedly suffered as a result of HCDC's provided medical care. Plaintiff's proposed amendments do not allege any additional facts against Defendants Garner and Vermillion, and the Court finds that the proposed amendments do not make any connection between these defendants and the medical care which allegedly injured Plaintiff. Thus, the Court finds that Plaintiff's proposed individual-capacity claims are futile as to Defendants Garner and Vermillion. Therefore, the Court finds that Plaintiff's motion should be denied as to the proposed amendments regarding Defendants Garner and Vermillion.

### b. Defendants Singleton and Godbolt

Judge Bryant recommended that the claims—which he inferred from Plaintiff's complaint—against Defendants Singleton and Godbolt should be dismissed for failing to state a claim upon which relief can be granted. Specifically, Judge Bryant found that the complaint alleged no facts to support a claim of failure to supervise or train against Defendant Singleton, and that Defendants Singleton and Godbolt's failure to respond to Plaintiff's grievances is not actionable under section 1983.

Plaintiff wishes to amend his complaint to assert individual-capacity claims of medical

neglect, cruel and unusual punishment, and medical malpractice against Defendants Singleton and Godbolt. The Court finds that these proposed amendments are futile. Neither Plaintiff's complaint nor his proposed amendments allege facts indicating that Defendants Singleton and Godbolt were aware of Plaintiff's medical condition, or that they were responsible for, involved in, or aware of the decisions made regarding Plaintiff's medical care.[2] Because Plaintiff does not allege any facts to support a causal link between these defendants and the allegedly injurious medical care, he cannot make a section 1983 claim for inadequate medical care or medical malpractice against these defendants. *See, e.g.*, *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (finding that a prison official cannot be held liable under section 1983 for inadequate medical care when he was not a doctor and had no personal involvement in the decisions regarding the prisoner's medical care); *Ripson v. Ales*, 21 F.3d 805, 808-09 (8th Cir. 1994) (stating that liability under section 1983 requires some personal or direct involvement in the alleged unconstitutional action). Therefore, the Court finds that Plaintiff's motion should be denied as to the proposed amendments regarding Defendants Singleton and Godbolt.

### c. Defendant Hanson

Plaintiff's complaint alleges that Defendant Hanson drew insulin from a broken bottle into four syringes and reused the same needle multiple times on Plaintiff. Judge Bryant recommended that the claims of inadequate medical care and retaliation against Defendant Hanson should be dismissed for failing to state a claim upon which relief may be granted. Specifically, Judge Bryant found that Defendant Hanson's actions did not rise to the level of

---

[2] Plaintiff's complaint states that he submitted two written grievances regarding his medical care to Defendants Singleton and Godbolt, and alleges that the grievances were not responded to. Plaintiff attached one of the written grievance sheets to his complaint in this case. However, the Court notes that Plaintiff does not allege that Defendants Singleton and Godbolt were involved in responding to prisoner grievances, that they ever received Plaintiff's grievances, or that they were even aware of Plaintiff's grievances. Moreover, the attached grievance sheet features blank spaces for the investigating officer to sign, date, and indicate the steps taken and/or results obtained regarding the grievance, leaving the Court unsure as to whether the grievance was received by HCDC staff.

7

deliberate indifference required for a section 1983 inadequate medical care claim, and that Plaintiff's retaliation claim fails because Plaintiff did not allege that he took part in protected activity. Plaintiff wishes to amend his complaint to allege that Defendant Hanson knowingly injected him with contaminated insulin on several occasions, and to assert section 1983 claims of medical neglect, cruel and unusual punishment, and medical malpractice against Defendant Hanson in her individual capacity.

Cognizable claims for inadequate medical care in prison require "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Hall v. Black*, No. 4:05-cv-04043-HFB, 2006 WL 2959459, at *1 (W.D. Ark. Oct. 17, 2006) (citing *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)). Deliberate indifference to a prisoner's serious medical needs is prohibited by the Eighth Amendment and states a cause of action under section 1983. *Estelle*, 429 U.S. at 104-05. To prevail on such a claim, a plaintiff must show that he suffered from an objectively serious medical need and that the defendant knew of the need, and yet deliberately disregarded it. *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004). "A serious medical need is 'one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997) (quoting *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995)).

Plaintiff must show "more than negligence, more even than gross negligence" to demonstrate deliberate indifference. *Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014); *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008) (finding deliberate indifference to be "akin to criminal recklessness, which demands more than negligent misconduct"). Moreover, "[m]erely demonstrating that a prison doctor committed medical malpractice is

insufficient to establish deliberate indifference." *Jackson*, 756 F.3d at 1065-66. To constitute deliberate indifference, "[a]n inmate must demonstrate that a prison doctor's actions were so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Id.* at 1066 (internal quotation marks omitted). Interference with prescribed treatment can constitute deliberate indifference. *See, e.g.*, *Pietrafeso v. Lawrence Cnty*, 452 F.3d 978, 983 (8th Cir. 2006); *see also Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990) (stating that "[g]rossly incompetent or inadequate care can constitute deliberate indifference").

Judge Bryant's Report and Recommendation inferred that Plaintiff was making a deliberate-indifference claim against Defendant Hanson, and conducted the appropriate analysis. Judge Bryant concluded that although Plaintiff suffers from a serious medical condition—diabetes—his complaint does not allege facts showing that Defendant Hanson was aware of the serious medical need and deliberately disregarded it. Judge Bryant found that Defendant Hanson acted to the contrary, as Plaintiff alleges in his complaint that she stated that she was attempting to save the insulin from the broken bottle for Plaintiff to use to treat his diabetes. Judge Bryant opined that, in doing so, Defendant Hanson's actions may have amounted to negligence, but Judge Bryant ultimately recommended that mere negligence is insufficient to state a claim under section 1983 for inadequate medical care.

The Court finds that Plaintiff's proposed amendments regarding Defendant Hanson would not be futile. Plaintiff alleges that Defendant Hanson drew contaminated insulin from a broken bottle and administered it to him over the course of several days by reusing the same syringe, resulting in swollen knots forming at the injection sites. These allegations are similar to those made in *Tate v. Johnson County*, in which a diabetic prisoner brought a section 1983 suit for denial of adequate medical care, alleging that he was refused the ability to regularly check his

9

blood sugar level and that he was given used or contaminated syringes for his insulin treatments, resulting in tumor-like knots forming at the injection sites. No. 2:11-cv-2092-PKH (W.D. Ark. July 31, 2012), ECF No. 24. A Report and Recommendation found that those allegations, taken as true, stated a plausible individual-capacity claim of deliberate indifference. *Id.* The *Tate* court later adopted the Report and Recommendation with respect to the individual-capacity deliberate indifference claim. *Tate v. Johnson Cty.*, No. 2:11-cv-2092-PKH, 2012 WL 4458207, at *3-4 (W.D. Ark. Sept. 26, 2012).

The Court agrees with the Report and Recommendation that the allegations in Plaintiff's complaint, taken as true, likely show that Defendant Hanson committed medical malpractice by reusing a syringe to administer contaminated insulin to Plaintiff for his diabetes. As discussed above, medical malpractice alone does not rise to an actionable level under section 1983 for inadequate medical care. *See Jackson*, 756 F.3d at 1065-66. However, Plaintiff's proposed amendments contain additional allegations, and Court finds that like in *Tate*, the allegations in both Plaintiff's complaint and proposed amendments, taken as true, present a plausible claim that Defendant Hanson's actions—knowingly giving contaminated insulin to Plaintiff—rose to a level that she was deliberately indifferent to his serious medical needs. Plaintiff has alleged "at worst, that [he] was given used and possibly contaminated needles, and at best, that his insulin was not administered" as needed to properly treat his serious medical needs. *Tate*, 2012 WL 4458207, at *3. Thus, the Court finds that Plaintiff has sufficiently alleged a constitutional violation. *See id.* Therefore, the Court finds that Plaintiff's motion should be granted as to the Eighth Amendment individual-capacity claim against Defendant Hanson.

### d. Conclusion

For the reasons discussed above, the Court finds that Plaintiff's motion should be granted

as to the Eighth Amendment individual-capacity claim against Defendant Hanson. The Court finds that the motion should be denied as to the futile proposed amendments against all Defendants in their official capacities, and against Defendants Atkinson, Ross, Shelby, Garner, Vermillion, Singleton, and Godbolt in their individual capacities.

### B. Report and Recommendation

Judge Bryant recommends dismissal of Plaintiff's official-capacity claims against all Defendants, as well as dismissal of Plaintiff's individual-capacity claims against all Defendants. Plaintiff timely filed an objection to the Report and Recommendation, but his objection states only that he has filed a motion for leave to amend his complaint. Plaintiff's objection is unresponsive to the Report and Recommendation, and offers no error of fact or law from which the Court finds it necessary to depart from the Report and Recommendation. However, as discussed above, the Court will deviate slightly from the Report and Recommendation with respect to its recommendation of dismissal of Plaintiff's Eighth Amendment claim of inadequate medical care against Defendant Hanson in her individual capacity.

## III. CONCLUSION

For the reasons stated above, the Court finds that Plaintiff's Motion to Amend (ECF No. 11) should be and hereby is **GRANTED IN PART AND DENIED IN PART**. Plaintiff may amend his complaint only with respect to the Eighth Amendment inadequate-medical-care claim he seeks to assert against Defendant Hanson in her individual capacity. Plaintiff may not amend his complaint with respect to all other proposed claims because they are futile in that they do not address the complaint's deficiencies as identified in the Report and Recommendation. **Accordingly, the Clerk of Court is directed to file Plaintiff's motion (ECF No. 11) as a supplemental complaint.**

The Court adopts the Report and Recommendation (ECF No. 6) as it relates to Plaintiff's claims against all Defendants in their official capacities, and against Defendants Atkinson, Ross, Shelby, Garner, Vermillion, Singleton, and Godbolt in their individual capacities. Accordingly, such claims are **DISMISSED WITHOUT PREJUDICE**. Plaintiff's Eighth Amendment claim of inadequate medical care against Defendant Hanson in her individual capacity remains as the only claim in this matter.

**IT IS SO ORDERED**, this 21st day of June, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge