IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WILLIAM A. BRADFORD, JR.                                                                PLAINTIFF

v.                               Case No. 4:17-cv-4027

SERGEANT SUSAN HANSON                                                                   DEFENDANT

# ORDER

Before the Court is Plaintiff William A. Bradford, Jr.'s Motion to Alter or Amend the Judgment Under Rule 59(e). (ECF No. 17). The Court finds the matter ripe for consideration.

This 42 U.S.C. § 1983 case arises from allegedly inadequate medical care provided to Plaintiff by staff at the Hempstead County Detention Center ("HCDC"). Plaintiff alleges that on March 17, Defendant Susan Hanson drew contaminated insulin from a broken bottle into four syringes and placed them in the refrigerator, saying that she would try to save them for Plaintiff to use to treat his diabetes. Plaintiff alleges Defendant Hanson reused the same syringe to administer the contaminated insulin to him over the course of several days, resulting in swollen knots forming at the injection sites. Plaintiff alleges further that Defendant Hanson was deliberately indifferent to his serious medical needs, and that he suffered cruel and unusual punishment in violation of the Eighth Amendment as a result of the inadequate medical care he received.

On April 27, 2017, the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas, filed a Report and Recommendation in which he found that Plaintiff failed to state a claim as to Defendant Hanson and then-Defendants Sherriff James A. Singleton; Chief Deputy T.P. Mickey Atkinson; Jail Administrator Johnny Godbolt; Assistant Administrator Heath Ross; Jailer Eric Garner; Jailer Vermillion; and Jailer Kyle Shelby. Judge

Bryant recommended that the Court dismiss Plaintiff's official-capacity and individual-capacity claims against all Defendants. On May 24, 2017, Plaintiff filed a motion to amend his complaint, as well as objections to the Report and Recommendation.[1] On June 21, 2017, the Court granted Plaintiff's motion to amend only as to his claims against Defendant Hanson,[2] and adopted the Report and Recommendation in part. Accordingly, the Court dismissed without prejudice all of Plaintiff's claims except his inadequate medical care claim against Defendant Hanson, in her individual capacity.

"Any motion to alter or amend a judgment shall be filed no more than 10 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The Eighth Circuit has explained that Rule 59(e) "was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment." *Innovative Home Health Care v. P.T.-O. T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (quoting *Norman v. Ark. Dep't of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996)). Motions under Rule 59(e) serve the limited function of correcting "'manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.* "District courts enjoy broad discretion in ruling on such motions." *Capital Indemnity Co. v. Russellville Steel Co., Inc.*, 367 F.3d 831, 834 (8th Cir. 2004) (citing *Concordia College Corp. v. W.R. Grace & Co.*, 999 F.2d 326, 330 (8th Cir. 1993)).

---

[1] Plaintiff's objections stated only that he had filed a motion for leave to amend his complaint.

[2] Specifically, the Court found that the remaining proposed amendments to Plaintiff's complaint did not state viable section 1983 claims of inadequate medical care against the other Defendants, and thus those certain proposed amendments were denied as futile because they did not cure the original complaint's deficiencies as identified by the Report and Recommendation.

In this case, Plaintiff disagrees with the Court's dismissal of his claims against all Defendants other than Defendant Hanson in her individual capacity. Plaintiff moves under Rule 59(e) for the Court to amend its judgment and allow him to file additional amendments to his complaint in an attempt to assert valid claims of inadequate medical care against the now-dismissed Defendants.[3] The Court has reviewed the pleadings and finds no manifest errors of law or fact which would justify granting a Rule 59(e) motion in this instance. Thus, there is no reason for vacating the judgment in this case. Accordingly, Plaintiff's Motion to Alter or Amend the Judgment Under Rule 59(e) (ECF No. 17) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 29th day of June, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[3] The Court notes that Rule 59(e) is not a valid avenue in which to move to amend a pleading. *See Innovative Home Health Care*, 141 F.3d at 1286 (stating that Rule 59(e) motions serve the limited function of correcting "manifest errors of law or fact or to present newly discovered evidence").