IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WILLIAM A. BRADFORD, JR.                                                              PLAINTIFF

v.                                Civil No. 4:17-cv-4027

SERGEANT SUSAN HANSON                                                              DEFENDANT

## MEMORANDUM OPINION

This is a civil rights action filed *pro se* by Plaintiff William A. Bradford, Jr., under 42 U.S.C. § 1983. Currently before the court is a Motion for Summary Judgment filed by Defendant Susan Hanson. (ECF No. 27). Plaintiff has filed a response. (ECF No. 35). The Court finds this matter ripe for consideration.

## I. BACKGROUND

Plaintiff is currently incarcerated in the Arkansas Department of Correction ("ADC") – North Central Unit, in Calico Rock, Arkansas. This case arises from incidents that occurred while Plaintiff was held at the Hempstead County Detention Center ("HCDC") in Hope, Arkansas.

Viewed in the light most favorable to Plaintiff, the relevant facts are as follows. Plaintiff was booked into the HCDC on February 17, 2017, where he remained until he was released to the ADC on April 11, 2017. (ECF No. 29-1, p. 2). During this time, Defendant Hanson worked for the HCDC as a jailer.[1] Defendant Hanson's duties as a jailer included monitoring inmates who took insulin. Any HCDC inmate who needed to monitor their blood sugar would be brought to the intake area, where they were allowed to take a blood sugar reading and then administer their insulin if the inmate deemed it necessary. (ECF No. 29-2, p. 2). Each time an inmate checked their blood sugar level, the name of

---

[1] Defendant Hanson is no longer employed with the HCDC.

1

the inmate, the jailer monitoring the process, the inmate's blood sugar level, and amount of insulin taken, if any, was recorded in a "Blood Sugar Log." *Id.*

On Friday, March 17, 2017, Plaintiff went to take his insulin shot and discovered his glass vial of insulin was broken. He informed Defendant Hanson of this and, in an effort to preserve what little insulin remained in the bottle, Defendant Hanson drew insulin from the broken vial into four syringes and placed them in a refrigerator. After the insulin was removed from the vial, Plaintiff filled out and signed an order form for additional insulin. (ECF No. 29-1, p. 7). That day, Plaintiff received an insulin injection from one of the four syringes, which he claims was contaminated. The injection caused a big, red knot to form at the injection site. The following day, Plaintiff went to receive another insulin injection and Defendant Hanson used the same syringe, causing another swollen knot to form. Plaintiff alleges that on March 19, 2017, Defendant Hanson presented the same syringe for his use once again. Plaintiff then told Defendant Hanson he did not want to take the insulin injection because his side was swollen from the previous injections, he was in extreme pain, and he did not feel safe receiving another injection of insulin from the broken bottle.

Plaintiff filed his initial Complaint on April 24, 2017.[2] On June 21, 2017, Plaintiff filed a Supplement to his Complaint, asserting claims for medical neglect, cruel and unusual punishment, and medical malpractice against Defendant Hanson.[3] (ECF No. 14). He alleges she knowingly gave him contaminated insulin and "Plaintiff undes went [sic] the unwanton [sic] infliction of pain by the forced use of contaminated diabetic needle causing two painful swollen knots on Plaintiff left side also initiated from the contaminated insulin from a broke vial of insulin." (ECF No. 14, pp. 1-2).

---

[2] In addition to Defendant Hanson, Plaintiff initially named Sheriff James A. Singleton, Chief Deputy T.P. Mickey Atkinson, Jail Administrator Johnny Godbolt, Assistant Administrator Heath Ross, Jailer Eric Garner, Jailer Vermillion and Jailer Kyle Shelby as defendants. On June 21, 2017, the Court dismissed Plaintiff's individual claims against these defendants and all official capacity claims, leaving only the individual capacity claim against Defendant Hanson. (ECF No. 13).

[3] Medical malpractice alone does not rise to an actionable level under section 1983 for inadequate medical care. *See Jackson v. Buckman*, 756 F.3d 1060, 1065-66 (8th Cir. 2014).

On January 9, 2018, Defendant Hanson filed the instant Motion for Summary Judgment, arguing that she is entitled to judgment as a matter of law because: (1) she was not deliberately indifferent to Plaintiff's serious medical need; (2) there is no verified proof that any delay in medical treatment caused a detrimental effect to Plaintiff; (3) there is no proof that her alleged medical deliberate indifference caused an injury to Plaintiff; and (4) she is entitled to qualified immunity. (ECF No. 27). In addition to the motion, Defendant Hanson submitted a separate Statement of Undisputed Facts. (ECF No. 29). Defendant Hanson states she "did not know or believe the insulin in Plaintiff's vial and which she put in the syringes was contaminated or dangerous to Plaintiff's health or safety" and "she did not know or believe the syringes she used to remove the insulin from Plaintiff's vial were contaminated or dangerous to Plaintiff's health or safety." (ECF No. 29, p. 3). Defendant Hanson also submitted an affidavit from Joan Mclean, an advanced practice nurse who treated inmates at the HCDC in 2016 and 2017. Ms. Mclean states, "it is [her] opinion that diabetics do, sometimes, develop 'knots' or raised areas on the body where insulin injections are administered. . . . '[K]nots' or raised areas at the insulin injection site do[] not automatically mean the needle or the insulin the diabetic used are contaminated or unsafe." (ECF No. 29-3).

Plaintiff filed his Response on March 26, 2018, which consists of two notarized affidavits of Plaintiff. In one of the affidavits, Plaintiff states, *inter alia*, that Defendant Hanson knew that the syringes used to remove insulin from Plaintiff's vial were dangerous to his health and safety. (ECF No. 35, p. 1). In the second affidavit, Plaintiff states, *inter alia*, that he does not dispute that knots and raised areas at the insulin injection site for a diabetic can occur or that these conditions are not always caused by contaminated or unsafe insulin or needles. (ECF No. 35, p. 9).

## II. LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any material fact

3

and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *Nat'l Bank of Commerce v. Dow Chem. Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *Nat'l Bank*, 165 F.3d at 607 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id.* (citing *Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III. DISCUSSION

The Court will first address Defendant Hanson's arguments for summary judgment on Plaintiff's deliberate indifference claim. Then, if necessary, the Court will take up Defendant Hanson's qualified immunity argument.

**A. Deliberate Indifference**

Plaintiff alleges that Defendant Hanson was deliberately indifferent to his serious medical needs when she knowingly provided contaminated insulin and needles to him. The Eighth Amendment prohibition of cruel and unusual punishment prohibits deliberate indifference to the serious medical needs of prisoners. *Luckert v. Dodge Cnty.*, 684 F.3d 808, 817 (8th Cir. 2012). The Eighth Circuit analyzes both a pretrial detainee's and a convicted inmate's claim of inadequate medical care under the deliberate indifference standard. *See Butler v. Fletcher*, 465 F.3d 340, 344 (8th Cir. 2006). To prevail on his Eighth Amendment claim, Plaintiff must prove Defendant Hanson acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

4

The deliberate indifference standard includes "both an objective and a subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997)). In order to show he suffered from an objectively serious medical need, Plaintiff must show he "has been diagnosed by a physician as requiring treatment" or has an injury "that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (internal quotations and citations omitted). In order for Plaintiff to establish the subjective prong of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation. Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008) (internal quotation marks and citations omitted).

In this case, there is no question that Plaintiff's diabetes is an objectively serious medical condition. As for the subjective component, Plaintiff alleges through an affidavit that Defendant Hanson was deliberately indifferent to his serious medical need when she knowingly extracted contaminated insulin from a broken vial and used the same needle more than once to administer Plaintiff's insulin injections. Defendant Hanson admits that she knew the vial of insulin was broken but claims she removed the remaining insulin from the vial so Plaintiff would have access to his insulin over the weekend until a new vial could be purchased. Defendant Hanson avers that she had no knowledge that the insulin, or the syringes she extracted the insulin with, were contaminated or otherwise dangerous.

Based on the summary judgment record, the Court finds there are material questions of fact as to whether Defendant Hanson was deliberately indifferent to Plaintiff's serious need when she used insulin from a broken glass vial for Plaintiff's injections and allegedly used contaminated needles or

5

syringes for Plaintiff's insulin injections, causing injury and pain to Plaintiff.[4] *See Tate v. Johnson Cnty.*, No. 2:11-cv-2092-PKH, 2012 WL 4458207, at *3-4 (WD. Ark. Sept. 26, 2012).

### B. Qualified Immunity

Having found that there is a question of fact as to whether Defendant Hanson was deliberately indifferent to Plaintiff's serious medical need, the Court turns to the issue of qualified immunity. When a defendant asserts qualified immunity at the summary judgment stage, the plaintiff must produce evidence sufficient to create a genuine issue of fact regarding whether the defendant violated clearly established law. *Johnson v. Fankell*, 520 U.S. 911, 915 (1997). Qualified immunity "is an *immunity from suit* rather than merely a defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis in original). It entitles an individual to avoid the burdens of litigation and "is effectively lost if a case is erroneously permitted to go to trial." *Id.*

Determining whether a defendant is entitled to qualified immunity requires a two-step inquiry. *Jones v. McNeese*, 675 F.3d 1158, 1161 (8th Cir. 2012). First, courts must determine whether the facts demonstrate a deprivation of a constitutional right. *Id.* (citing *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010)). If so, courts must decide whether the implicated right was clearly established at the time of the deprivation. *Id*.

To determine if Plaintiff's right was clearly established at the time of the alleged deprivation, the Court "must . . . examine the information possessed by the governmental official accused of wrongdoing in order to determine whether, given the facts known to the official at the time, a reasonable government official would have known that his actions violated the law." *Langford v. Norris*, 614 F.3d 445, 461 (8th Cir. 2010). "This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in the light of preexisting law the unlawfulness must be apparent." *Anderson v. Creighton*,

---

[4] Plaintiff's need for uncontaminated insulin and syringes is obvious to a layperson, making submission of verifying medical evidence unnecessary. *See Schaub*, 638 F.3d 919.

483 U.S. 635, 640 (1987). In other words, the Court must ask whether the law at the time of the events in question gave the officers "fair warning" that their conduct was unconstitutional. *Hope v. Pelzer*, 536 U.S. 730 (2002).

It is well established that it is unconstitutional for prison officials to act with deliberate indifference to an inmate's serious medical needs. *Estelle*, 429 U.S. at 104-05. The Eighth Circuit had held that intentionally interfering with treatment or medication that has been prescribed to an inmate constitutes deliberate indifference. *Pietrafeso v. Lawrence*, 452 F.3d 978, 983 (8th Cir. 2006). In light of this precedent, the Court finds that a reasonable government official would have known that removing insulin from a broken glass vial for Plaintiff to use for several days and using contaminated needles or syringes in administering insulin injection violated the law. Therefore, Defendant Hanson is not entitled to qualified immunity.

## IV. CONCLUSION

For the reasons stated above, the Court finds that Defendant Hanson's Motion for Summary Judgment (ECF No. 27) should be and hereby is **DENIED**. Plaintiff's deliberate indifference claim shall remain for trial.

**IT IS SO ORDERED**, this 19th day of April, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge